# **EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY NICHOLAS,

    Plaintiff,

vs.

DELTA AIR LINES, INC.,

    Defendant.
_____/

Case No: 17-CV-10481

Hon. David M. Lawson

| | |
|---|---|
| JEFFREY S. BURG (P38381)<br>Law Offices of Jeffrey S. Burg, Esq.<br>Attorney for Plaintiff<br>30700 Telegraph Road, Suite 1675<br>Bingham Farms, MI 48025<br>(248) 227-5027<br>(248) 856-1258/fax<br>jburg@comcast.net | SHARON RAE GROSS (P42514)<br>BENJAMIN A. ANCHILL (P70968)<br>Ogletree, Deakins, Nash, Smoak<br> & Stewart, PLLC<br>Attorneys for Defendant<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>(248) 593-2603/fax<br>rae.gross@ogletree.com<br>benjamin.anchill@ogletree.com |

## DECLARATION OF BARBARA FRANZ

I, Barbara Franz, declare as follows:

1.     I am currently employed as a General Manager Human Resources by Delta Air Lines, Inc. ("Delta") in Atlanta Georgia. At all times relevant to this

matter, I was employed by Delta as Human Resources Manager – Airport Customer Service at the Detroit International Airport (DTW).

2. As a result of my job responsibilities at DTW, I am familiar with the disciplinary policies applicable to Ramp Customer Service Agents ("CSA") who work "below the wing" at DTW.

3. CSAs are disciplined generally under a "progressive discipline policy" that begins with a formal verbal coaching and progresses through two levels of written coaching and corrective action, followed by a Final Corrective Action Notice ("FCAN"). Delta management has discretion to begin the process at any level, including termination, depending on the nature of the performance error or infraction.

4. Once on an FCAN, any subsequent violation of Delta policy can result in immediate discharge during the three-year period during which the FCAN remains active in the employee's disciplinary file. However, Delta management also has discretion to take lesser action, in lieu of automatic termination, for performance deficiencies committed while on an FCAN. Depending on the nature of the performance deficiency and employee's overall discipline history, Delta management may exercise discretion to coach an employee on an FCAN rather than terminate. If coaching has not resulted in sustained improvement in performance, termination is typically recommended.

5. I have reviewed the disciplinary records of former Delta employee Jeffrey Nicholas. Mr. Nicholas was coached five times while on an FCAN. Discharge was recommended only after his sixth policy violation while on an FCAN.

6. I am familiar with the disciplinary policy that was applicable to below the wing employees at Northwest Airlines, Inc. prior to the merger with Delta. Although there were some variations between the NWA and Delta disciplinary systems in terms of the terminology used to describe the various steps of the disciplinary process, both systems were similar in that they both began with a formal verbal coaching, followed by two levels of written warnings, and a final warning prior to termination.

7. I have reviewed the employment records of Delta employee Alvin Martin. Martin's date of birth according to Delta's records is December 13, 1960. Martin received a written coaching for not wearing a seatbelt on January 5, 2015. According to Delta's records, he was not on an FCAN at the time he was coached for the seatbelt violation.

8. I have stated the foregoing based on my personal knowledge and my review of records kept by Delta in the ordinary course of business. I am competent

3

to testify and, if called as a witness, would testify consistent with my statements above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of October, 2017.

Barbara Franz

31706056.1

4